UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAFAEL LUCAS HERNANDEZ,

      Petitioner,

v.

                                            Case No. 3:26-cv-668-MMH-MCR

TODD BLANCHE, et al.,

      Respondents.

---

## ORDER

### I. Status

Petitioner Rafael Lucas Hernandez, an immigration detainee, initiated this action by filing, through counsel, a Petition for Writ of Habeas Corpus and Request for Order to Show Cause (Doc. 1; Petition) on March 27, 2026. The Federal Respondents (Attorney General Todd Blanche, Secretary Markwayne Mullin,[1] Director Todd M. Lyons, and Director Garrett Ripa) filed a Response to Petition for Writ of Habeas Corpus (Doc. 10; Response). Respondent Warden filed a Motion to Dismiss (Doc. 11; Motion to Dismiss), arguing he is not a proper respondent in this case. Hernandez filed a counseled Reply (Doc. 12). This case is ripe for review.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Markwayne Mullin and Todd Blanche are automatically substituted for Kristi Noem and Pamela Bondi, respectively.

## II. Background

According to Hernandez, he is a citizen of Mexico who entered the United States without inspection in 1999. Petition at 22. On March 17, 2026, the Polk County Sheriff's office arrested Hernandez for driving with a suspended license. Id.; see also Response at 3. United States Immigration and Customs Enforcement then assumed custody of Hernandez and issued him a Notice to Appear. Petition at 22; see also Response at 3.

## III. Analysis

The crux of Count One of Hernandez's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). See Petition at 23–24.[2] As relief, he seeks, inter alia, immediate release. Id. at 32. The Federal Respondents argue that this Court lacks jurisdiction over Hernandez's claims, he failed to exhaust his administrative remedies, and he is properly detained under § 1225(b). See Response at 4–12.

The Court is satisfied it has jurisdiction over Hernandez's claims and further administrative exhaustion would be futile. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026);

---

[2] Because the Court finds that Hernandez is entitled to relief on his assertion that Respondents are violating the Immigration and Nationality Act by classifying him under § 1225, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

Lopez v. Rhoden, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr. 7, 2026); Garcia v. Warden, No. 3:26-CV-271-MMH-SJH, 2026 WL 900145 (M.D. Fla. Apr. 2, 2026). As to the merits, the United States Court of Appeals for the Eleventh Circuit has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, - - - F.4th - - -, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026). Therefore, given that Hernandez entered the United States without inspection and has been residing here for some time, he is not properly detained under § 1225(b)(2) as the Federal Respondents contend and the Court finds that release is the appropriate remedy.[3] See Fonseca, 2026 WL 1072778 at *5 (finding immediate release to be the appropriate remedy based on the government's failure to argue in the alternative that petitioner would be subject to § 1226 and the government's inability to guarantee that a bond hearing would be held).

Accordingly, it is **ORDERED**:

1.    Hernandez's Petition for Writ of Habeas Corpus and Request for Order to Show Cause (Doc. 1) is **GRANTED** as to Count One. Respondents shall release Hernandez **within 24 hours of this Order**, and they shall

---

[3] Insofar as Hernandez requests attorney's fees, he may make such a request in a separate motion, if appropriate. See Local Rule 7.01, United States District Court, Middle District of Florida. Any such motion must be supported by a memorandum of law.

facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.    Respondent Warden, Ronnie Woodall's Motion to Dismiss (Doc. 11) is **DENIED.** See, e.g., Fonseca, 2026 WL 1072778, at *4–5.

3.    The **Clerk** is directed to terminate any motions, enter judgment granting the Petition as to Count One, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of May, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 5/7
c:
Counsel of Record

4